# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

### CASE NO:

NATALIE ROHDE, on behalf of herself and
all others similarly situated,

     Plaintiff(s),

     v.

HKM PINELLAS LLC d/b/a HAMBURGER
MARY'S CLEARWATER,

     Defendant.

_____/

## COLLECTIVE AND CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, NATALIE ROHDE ("Rohde") on behalf of herself and all others similarly situated, and pursuant to 29 U.S.C. § 216(b), Fla. Stat. § 448.110, Fed. R. Civ. P. 23, and Art. X, Sec. 24 of the Florida Constitution, files this Class and Collective Action Complaint for Damages and Demand for Jury Trial against Defendant, HKM PINELLAS LLC D/B/A HAMBURGER MARY'S CLEARWATER ("Defendant") for their failure to pay servers at federal and state minimum wages, as follows:

### INTRODUCTION

1.     Plaintiff brings this collective and class action under the Fair Labor Standards Act ("FLSA"), the Florida Minimum Wage Act ("FMWA") and Art. X, Sec. 24 of the Florida Constitution on behalf of herself and all servers who work or have worked at Defendant's restaurant, Hamburger Mary's, located at 28910 US-19, Clearwater, FL 33761, during the applicable statute of limitations. Defendant committed federal and state minimum wage violations because it (1) failed to pay its servers the requisite reduced wage under Florida

law; (2) failed to provide servers with state and federally mandated notice of tip credit requirements; (3) claimed a tip credit for all hours servers worked, including workweeks wherein the total amount of time that servers spent performing non-tipped duties and side work was at or in excess of 20% of all of the total work performed; (4) claimed a tip credit during shifts when servers were required to spend more than 30 continuous minutes on side work and other non-tipped duties; and (5) required servers to share their tips with supervisors and/or managers at the restaurant. As a result, Plaintiff and all similarly situated servers have been denied federal and state minimum wages during various workweeks within the relevant time period.

**PARTIES**

2.      During all times material hereto, Plaintiff was a resident of Pinellas County, Florida, over the age of 18 years, and otherwise *sui juris.*

3.      Plaintiff and the **FLSA putative collective members** are/were restaurant servers who worked for Defendant within the last three (3) years at its restaurant located at 28910 US-19, Clearwater, Florida 33761.

4.      Plaintiff and the **FMWA putative class members** are/were restaurant servers who worked for Defendant within the last five (5) years at its restaurant located at 28910 US-19, Clearwater, Florida 33761.

5.      In August 2022, Defendant hired Plaintiff to work as a server at its restaurant located at 28910 US-19, Clearwater, Florida 33761.

6.      As of the date of this filing, Plaintiff currently works as a server for Defendant at its Clearwater location.

7.     The proposed collective and class members worked for Defendant in the same capacity as Plaintiff in that they were non-exempt, tipped servers for Defendant at the same restaurant located at 28910 US-19, Clearwater, Florida 33761.

8.     Plaintiff seeks certification of four (4) separate collectives under 29 U.S.C. § 216(b) for violations of the FLSA as follows:

> **Tip Notice Collective: All servers who worked for Defendant at Hamburger Mary's Clearwater during the three (3) years preceding this lawsuit who did not receive proper notice from Defendant that they would be taking a tip credit toward the required federal minimum wage.**

> **80/20 Collective: All servers who worked for Defendant at Hamburger Mary's Clearwater during the three (3) years preceding this lawsuit, who were required to spend more than 20% of their shifts performing "non-tipped" incidental duties and did not receive the required federal minimum wage.**

> **Substantial Side Work Collective: All servers who worked for Defendant at Hamburger Mary's Clearwater during the three (3) years preceding this lawsuit, who were required to spend more than thirty (30) continuous minutes on non-tipped duties and side work during any shift.**

> **Unlawful Tip Pool Collective: All servers who worked for Defendant at Hamburger Mary's Clearwater during the three (3) years preceding this lawsuit, who were required to share their tips with ineligible employees, including but not limited to supervisors and/or managers.**

9.     Plaintiff seeks certification of five (5) separate classes under Fed. Civ. P. 23, the FMWA, and Florida Constitution for Florida Minimum Wage violations, as follows:

> **Tip Notice Class: All servers who worked for Defendant at Hamburger Mary's Clearwater during the five (5) years preceding this lawsuit, who were not provided the appropriate tip credit notice pursuant to Fla. Const. Art. X 24(c) and/or F.S. § 448.110.**

**80/20 Class:** All servers who worked for Defendant at Hamburger Mary's Clearwater during the five (5) years preceding this lawsuit, who were required to spend more than 20% of their shifts performing "non-tipped" incidental duties and did not receive the full applicable Florida Minimum Wage for this time pursuant to Fla. Const. Art. X 24(c) and/or F.S. § 448.110.

**Substantial Side Work Class:** All servers who worked for Defendant at Hamburger Mary's Clearwater during the five (5) years preceding this lawsuit who were required to spend more than thirty (30) continuous minutes on non-tipped duties and side work during any shift.

**Substandard Minimum Wage Class:** All servers who worked for Defendant at Hamburger Mary's Clearwater who were compensated at an hourly wage below the requisite Florida reduced minimum-wage beginning October 1, 2022.

**Unlawful Tip Pool Class:** All servers who worked for Defendant at Hamburger Mary's Clearwater during the five (5) years preceding this lawsuit, who were required to share their tips with ineligible employees, including but not limited to supervisors and/or managers.

10. The precise size and identity of each collective and class should be ascertainable from the business records, tax records, and/or personnel records of Defendant; however, Plaintiff estimates that the total number of class members in each class and collective exceeds 40 restaurant servers.

11. During all times material hereto, Defendant, HKM PINELLAS d/b/a HAMBURGER MARY'S CLEARWATER, is a Florida Limited Liability Company operating and transacting business within Pinellas County, Florida, within the jurisdiction of this Honorable Court.

12. During all times material hereto, Defendant owned, operated, and controlled the restaurant located at 28910 US-19, Clearwater, FL 33761.

13.     Defendant was the "employer" of Plaintiff and all members of the putative Classes and Collectives as that term is defined by the FLSA and FMWA, during all times pertinent to the allegations herein. 29 U.S.C. § 203(d); Fla. Stat. § 448.101(3).

14.     Plaintiff and all members of the putative Classes and Collectives were "employees" of Defendant as that term is defined by the FLSA and FMWA, during all times pertinent to the allegations herein. Fla. Stat. § 448.110(2).

15.     During all times material hereto, Defendant was vested with control and decision-making authority over the hiring, firing, scheduling, day-to-day operations, and pay practices of the restaurant located at 28910 US-19, Clearwater, FL 33761.

16.     Defendant implemented uniform pay, tip, and time-keeping practices that apply to all restaurant servers at its restaurant located at 28910 US-19, Clearwater, FL 33761.

17.     Plaintiff and putative collective and class members are/were non-exempt, hourly restaurant servers.

## JURISDICTION AND VENUE

18.      This action is brought under 29 U.S.C. § 216(b), Fed. R. Civ. P. 23, the Florida Minimum Wage Act ("FMWA") and Article X Section 24 of the Florida Constitution to recover damages from Defendant, injunctive relief, and reasonable attorney's fees and costs.

19.     This Honorable Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

20.     The acts and/or omissions giving rise to this dispute took place within Pinellas County, Florida, which falls within the jurisdiction of this Honorable Court.

21.     Defendant regularly transacts business in Pinellas County, Florida, and jurisdiction is therefore proper.

22. Venue is also proper within Pinellas County, Florida.

23. Plaintiff fulfilled all conditions precedent required to brings their class action claims under the FMWA. Fla. Stat. § 448.110(6)(a).

24. More specifically, on January 11, 2023, Plaintiff, Natalie Rohde, through her counsel, served Defendant with a written pre-suit demand and notice regarding her FMWA claims, requesting that Defendant pay her and the putative FMWA classes the minimum wages owed to them. As of the date of this filing, Defendant has not paid any wages to Plaintiff or the FMWA classes.

## FLSA COVERAGE

25. Defendant, Hamburger Mary's, is an enterprise covered by the FLSA by virtue of the fact that it is an enterprise engaged in commerce or in the production of goods for commerce, in that Defendant had at least two or more employees engaged in commerce or in the production of goods for commerce, or two (2) or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

26. During all time periods pertinent hereto, Defendant's employees regularly handled goods such as food, beverages, napkins, silverware, appliances, rice, beer, vodka, meat, chicken, pork, cheese, broccoli, carrots, peas, oil, wings, mahi mahi, salmon, onions, peppers, crab, vinegar sauce, shrimp, potatoes, bread, hot sauce, cheese, marinara sauce, bread buns, calamari, jalapenos, other food items, restaurant equipment, chairs, tables, vacuum cleaners, pens, paper, receipts, computers, credit card processors, staples, toothpicks, mints, flour, sugar, coffee, tea, soda, water bottles, and other materials that had previously travelled through interstate commerce.

27.     Defendant had annual gross revenue in excess of $500,000.00 in 2018, 2019, 2020, 2021, 2022 and is expected to gross in excess of $500,000.00 in 2023.

## DEFENDANT FAILED TO PROVIDE SUFFICIENT NOTICE OF THE TIP CREDIT

28.     Although employers are permitted to take a tip credit and/or retain a tip credit for each hour that an eligible, tip-producing employee works, employers are prohibited from taking a tip credit when they fail to provide either oral or written notice regarding the provisions of § 203(m) of the FLSA. *See* C.F.R. § 531.59.

29.     Upon information and belief, when Defendant hires servers it fails to provide to them the legally requisite notice that it is claiming a tip credit under Florida and federal law for all hours that these servers work.

30.     During Plaintiff's employment period, Defendant **did not** provide to her any notice that it was claiming a tip credit for each hour that Plaintiff worked, much less the statutorily required notice under federal and/or Florida law.

31.     Therefore, Plaintiff and all other servers were not adequately informed of the tip credit claimed by Defendant throughout their employment.

32.     Defendant also failed to keep track of the time that Plaintiff and all other servers spent performing non-tip-producing work, including side-work and other non-tipped duties.

33.     Because Defendant failed to track the time that Plaintiff and all other servers spent performing side work and non-tipped duties, Plaintiff and all other servers were compensated at a reduced minimum wage for non-tipped work.

34.     Nevertheless, during all times material hereto, Defendant claimed a tip credit under federal and Florida law, and paid Plaintiff and all other servers the reduced wage for tipped employees, including during workweeks wherein they spent an excess of 20% of their

total workweek performing non-tip-producing work, and shifts wherein they spent a substantial amount of continuous time performing non-tip-producing work, at or in excess of thirty (30) continuous minutes.

## **DEFENDANT PAID PLAINTIFF A SUBSTANDARD MINIMUM WAGE**

35.     Defendant failed to compensate Plaintiff and similarly situated servers at least the reduced wage required under Florida law during one or more workweeks from October 1, 2022 through the present.

36.     Because the Defendant failed to compensate Plaintiff and similarly situated servers at least the reduced wage required under Florida law, it was not permitted to take a tip credit in the amount of $3.02—or any amount for that matter—because it failed to compensate Plaintiff and similarly situated servers in accordance with the tip credit requirements.

37.     Plaintiff and similarly situated servers are therefore owed the applicable and full minimum wage for all hours worked for the Defendant up to forty (40) hours.

38.     Plaintiff and the ***Substandard Minimum Wage Class*** members are entitled to recover at least the Florida minimum wage for all hours worked for the Defendant up to forty (40) hours from October 1, 2022 to the present.

## **DEFENDANT REQUIRES PLAINTIFF AND OTHER SERVERS TO SPEND MORE THAN 20% OF THE WORKWEEK ON NON-TIPPED DUTIES AND SIDE WORK**

39.     Federal law prohibits employers from taking a tip credit when an employee performs non-tip generating duties for more than 20% of their workweek.  Rafferty v. Denny's Inc., 13 F4th 1166, 1188 (11th Cir. 2021). In other words, when restaurant servers spend 20% or more of any respective workweek on non-tip generating duties and side work, they must

be paid the full minimum wage, as opposed to the reduced minimum wage for tipped employees.[1] *Id.*

40.    Defendant claimed a tip credit for all of the hours that Plaintiff worked, including during workweeks in which Plaintiff spent more than 20% of their time on non-tip producing duties and side work.

41.    Defendant compensated servers at the reduced wage of $5.23 per hour for their first forty (40) hours of work per week in 2018.

42.    Defendant compensated servers at the reduced wage of $5.44 per hour for their first forty (40) hours of work per week in 2019.

43.    Defendant compensated servers at the reduced wage of $5.54 per hour for their first forty (40) hours of work per week in 2020.

44.    Defendant compensated servers at the reduced wage of $5.63 per hour for their first forty (40) hours of work per week from January 1, 2021, through September 29, 2021.

45.    Defendant compensated servers at the reduced wage of $6.98 per hour for their first forty (40) hours of work per week from September 30, 2021, through September 29, 2022, and $7.98 from September 30, 2022 through the present.

46.    During their employment period with the Defendant, Plaintiff and members of the putative collectives and classes of servers were assigned both "opening" shifts and "closing" shifts.

47.    At the opening the restaurant, for a period of approximately one (1) hour, Defendant instructed Plaintiff and other servers to set up their serving stations, set up the

---

[1] The maximum tip credit permissible under federal law is $2.13 cents and $3.02 cents under state law. However, as stated above, an employer cannot claim a tip credit if its employee spends more than 20% of any respective workweek performing non-tip producing duties.

restaurant, prepare tables, clean the patio seating area, prepare glassware, prepare the bar, stock server stations, retrieve bottles, clean bottles, clean the restaurant, unstack chairs, clean soda machines, open server stations, sweep floors, etc.

48.    Additionally, because there are often no customers present at the restaurant for the first hour that Plaintiff and all other servers were required to work, Plaintiff and the putative Class and Collective members were unable to perform any tip-producing work.

49.    At closing, for a period of approximately one (1) hour, Defendant instructed servers to perform all or substantially the same duties that Plaintiff and other servers performed prior to the restaurant opening, including but not limited to, cleaning, restocking, stacking chairs, sweeping, closing their serving stations, and cleaning soda machines.

50.    Throughout opening and closing shifts, Plaintiff and the putative Class and Collective members were required to perform the same "non-tipped" duties side work as outlined in the preceding paragraphs.

51.    At a minimum, Plaintiff and other servers spent more than 20% of their workweeks performing non-tipped duties and side work.

52.    As a result, Plaintiff and members of the putative collectives and classes are entitled to recover the applicable tip credit for the time they spent performing "non-tipped" incidental duties and side work during each workweek, as opposed to the reduced wage they received.

53.    Plaintiff and the *80/20 Collective* members are entitled to recover at least federal minimum wage for each hour spent performing "non-tipped" duties and side work during workweeks in which the "non-tipped" work exceeded 20% of the workweek.

54. Similarly, Plaintiff and the **80/20 Class** members are entitled to recover at least the Florida minimum wage for each hour spent performing "non-tipped" duties and side work during workweeks in which the "non-tipped" work exceeded 20% of the workweek.

## DEFEENDANT REQUIRES PLAINTIFF AND ALL OTHER SERVERS TO SPEND MORE THAN 30 CONTINUOUS MINUTES ON NON-TIPPED DUTIES AND SIDE WORK DURING EACH SHIFT

55. Side work which takes more than 30 continuous minutes is not considered "part of the tipped occupation." *See* 29 C.F.R. § 531.56(f)(4)(ii).

56. Accordingly, employers are forbidden from taking a tip credit when they compel tipped employees to spend more than 30 continuous minutes on non-tipped duties and side work.

57. During all times material hereto, Defendant required all servers to arrive at opening shifts approximately 30 minutes up to 1-hour before the restaurant was open to the public.

58. Moreover, during all times material hereto, Defendant required servers to perform side work and non-tipped duties for more than 30 continuous minutes at the end of closing shifts, often when servers did not have any customers and the restaurant was closed to the public.

59. Plaintiff and the **Substantial Side Work Collective** members are entitled to recover at least federal minimum wage for the time spent performing "non-tipped" duties and side work which exceeds 30 continuous minutes per shift.

60. Plaintiff and the **Substantial Side Work Class** members are also entitled to recover at least the Florida minimum wage for the time spent performing "non-tipped" duties and side work which exceeds 30 continuous minutes per shift.

## DEFENDANT REQUIRED PLAINTIFF TO SHARE TIPS
## WITH INELIGIBLE EMPLOYEES

61.     On March 23, 2018, Congress passed the Consolidated Appropriations Act of 2018 (CAA), which amended Section 203(m) of the tip provisions of the FLSA to add the following language: "An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."

62.     The CAA also amended another FLSA provision – Section 216(b) – to state that "[a]ny employer who violates section 203(m)(2)(B) of this title shall be liable to the employee or employees affected in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages." 29 U.S.C. 216(b).

63.     Florida law expressly incorporates the FLSA regulations, case law, and administrative interpretations, including Section 203 and the amendments thereto. *See, e.g., May v. Steak N Shake Operations Inc.,* 2014 WL 7251637 (M.D. Fla. 2014) (resolution of a defendant's claim for a tip credit under Florida law depends on its entitlement to take a tip credit under the FLSA) *citing* Fla. Const. Art. X 24(c).

64.     During Plaintiff's employment period, Defendant has required her and similarly situated servers to surrender a portion of their tips each shift managers in the restaurant.

65.     In light of this unlawful distribution of tips, the Defendant has violated the pertinent provisions of the FLSA and the FMWA. *See, e.g., Howard v. Second Chance Jai Alai LLC*, 2016 WL 3349022 at *6 (M.D. Fla. 2016) ("If tipped employees are required to

participate in a tip pool with any employee who does not customarily receive tips, then the tip pool if invalid and the employer is not permitted to take a 'tip credit'").

66. Accordingly, Plaintiff and similarly situated servers are entitled to recover the $3.02 tip credit taken by the restaurant for each hour they worked for the previous five (5) years plus a full disgorgement and recovery of the tips they had to surrender to the unlawful tip pool or tip share.

67. Plaintiff and the ***Unlawful Tip Pool Collective*** members are entitled to recover at least federal minimum wage for the full disgorgement and recovery of the tips they had to surrender to the unlawful tip pool or tip share.

68. Plaintiff and the ***Unlawful Tip Pool Class*** members are entitled to recover at least Florida minimum wage for the full disgorgement and recovery of the tips they had to surrender to the unlawful tip pool or tip share.

## CLASS ALLEGATIONS

69. Class members are treated equally and similarly at the restaurant owned and operated by Defendant, in that Defendant failed to provide class members with statutory tip notice under Florida law during the five (5) years preceding this lawsuit.

70. Class members are treated equally and similarly at the restaurant owned and operated by Defendant, in that they were denied state minimum wages from October 1, 2022 to the present.

71. Class members are treated equally and similarly at the restaurant owned and operated by Defendant, in that Defendant unlawfully shared Class members' tips with ineligible employees.

72.     Class members are treated equally and similarly at the restaurant that is owned and operated by Defendant, in that they were denied state minimum wages when they spent more than 20% of a workweek performing "non-tipped" duties and side work.

73.     Class members are treated equally and similarly at the restaurant owned and operated by Defendant, in that they were denied state minimum wages during shifts when they were required to spend more than 30 continuous minutes on non-tipped duties and side work.

74.     Upon information and belief, Defendant employed at least forty (40) servers at its restaurant at 28910 US-19, Clearwater, FL 33761, who were not provided the required tip notice under Florida law during the past five (5) years.

75.     Upon information and belief, Defendant employed at least thirty (30) servers at its restaurant at 28910 US-19, Clearwater, FL 33761 who were required to spend more than 20% of their workweek performing non-tipped duties and side work during the past five (5) years.

76.     Upon information and belief, Defendant employed at least thirty (30) servers at its restaurant at 28910 US-19, Clearwater, FL 33761 who were required to spend more than 30 continuous minutes per shift on non-tipped duties and side work during any shift on or after December 28, 2021, through the present.

77.     Upon information and belief, Defendant employed at least thirty (30) servers at its restaurant at 28910 US-19, Clearwater, FL 33761 who were not paid the proper Florida minimum wage from October 1, 2022 to the present.

78.     Upon information and belief, Defendant employed at least forty (40) servers at its restaurant at 28910 US-19, Clearwater, FL 33761 who were subject to Defendant's improper implementation of an unlawful tip pool sharing policy.

79.     At all times material hereto, Defendant had express or constructive knowledge of the work performed by Plaintiff and all other similarly situated servers.

80.     Moreover, at all times material hereto, Defendant had express or constructive knowledge of the time Plaintiff and other similarly situated employees worked but failed to keep and maintain accurate time records, thereby violating state and federal law.

81.     Plaintiff and the class members performed the same or substantially similar job duties for Defendant at its restaurant at 28910 US-19, Clearwater, FL 33761, as restaurant servers, and were otherwise paid in an identical manner by Defendant.

82.     Plaintiff and the class members performed the same or substantially similar side work for Defendant at its restaurant at 28910 US-19, Clearwater, FL 33761, as servers, and were otherwise paid in an identical manner by Defendant.

83.     Although Defendant was aware of the requirements of the FLSA, Florida Constitution and FMWA, and the pertinent regulations thereto, Defendant willfully and/or intentionally failed to pay Plaintiff and the class members in accordance with state and federal law.

**COUNT I – FED. R. CIV. P. 23 CLASS ACTION**
**FOR FLORIDA MINIMUM WAGE VIOLATIONS**
**(TIP NOTICE CLASS)**

84.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 83 as though set forth fully herein.

85.     Defendant violated the terms of F.S. § 448.110 and the Florida Constitution's minimum wage requirements by taking a tip credit toward the applicable Florida minimum

wage but failing to provide Plaintiff and putative class members the statutorily required tip notice.

86. Defendant therefore forfeits any tip credit under Florida law and owe each server *at least* $3.02 for each hour of work they performed during the five (5) years preceding this lawsuit.

87. On January 11, 2023, Plaintiff served Defendant with a written pre-suit Notice pursuant to Fla. Stat. § 448.110, on behalf of herself, and a class of all similarly situated servers.

88. More than 15 days have elapsed since Plaintiff served Defendant with her written pre-suit Notice and Defendant has failed to tender full payment to Plaintiff and the class.

89. In 2017, the Florida Minimum Wage was $8.10 per hour.

90. In 2018, the Florida Minimum Wage was $8.25 per hour.

91. In 2019, the Florida Minimum Wage was $8.46 per hour.

92. In 2020, the Florida Minimum Wage was $8.56 per hour.

93. From January 1, 2021, through September 29, 2021, the Florida Minimum Wage was $8.65 per hour.

94. From September 30, 2021, through the September 29, 2022, the Florida Minimum Wage was $10.00 per hour.

95. From September 30, 2022, through the present the Florida Minimum Wage is/was $11.00 per hour.

96. Plaintiff and the proposed Tip Notice Class members were subjected to similar violations of the FMWA and Florida Constitution.

97. Plaintiff seeks class certification under Fed. R. Civ. P. 23 of the following class for Defendant's failure to pay Florida minimum wages in accordance with the Florida Constitution:

> **All servers who worked for Defendant at Hamburger Mary's Clearwater during the five (5) years preceding this lawsuit, who were not provided the appropriate tip credit notice pursuant to Fla. Const. Art. X 24(c) and/or F.S. § 448.110.**

### RULE 23 CLASS ALLEGATIONS

98. Plaintiff brings this FMWA claim as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the above class (the "Tip Notice Class").

99. The putative Tip Notice Class members are treated equally and similarly by Defendant, in that they were denied full and proper Florida minimum wages based on Defendant's failure to provide Plaintiff and similarly situated servers proper notice of Defendant's intent to rely upon a tip credit under Florida law.

100. *Numerosity:* Defendant employed in excess of 40 servers in the class during the past five (5) years who were not provided the required tip notice; nevertheless, Defendant claimed a tip credit for these employees. Given Defendant's size and the systematic nature of its failure to comply with Florida law, the members of the Class are so numerous that joinder of all members is impractical.

101. Plaintiff and the class members were subject to the same employment policies.

102. *Commonality:* Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting any individual member of the Class, including Plaintiff. Such questions common to the Class include, but are not limited to the following: (a) Whether Plaintiff and the Tip Notice Class were "employees" of Defendant (b) Whether Plaintiff and the Tip Notice Class's hours were properly recorded; (c)

Whether Defendant violated the Florida minimum wage rights of Plaintiff and the Tip Notice Class under the FMWA by failing to provide sufficient notice of taking a tip credit; (d) Whether Defendant willfully or intentionally refused to pay Plaintiff and the Tip Notice Class the Florida minimum wages as required under Florida law; (e) Whether Defendant knew or should have known of the Florida minimum wage requirements and either intentionally avoided or recklessly failed to investigate proper payroll practices; and (f) The nature, extent, and measure of damages suffered by Plaintiff and the Tip Notice Class based upon Defendant's conduct.

103.    *Typicality:* Plaintiff's claims are typical of the claims of the members of the Tip Notice Class. Plaintiff's claims arise from Defendant's company-wide policy of paying all servers a reduced wage without providing statutorily required notice of taking a tip credit.

104.    *Adequacy*: Plaintiff will fairly and adequately protect the interests of the Tip Notice Class. Plaintiff has no interest that might conflict with the interests of the Tip Notice Class. Plaintiff are interested in pursuing their claims against Defendant's vigorously and have retained counsel competent and experienced in class and complex litigation.

105.    Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

106.     Defendant has acted on grounds generally applicable to the Tip Notice Class, thereby making relief appropriate with respect to the Tip Notice Class as a whole. Prosecution of separate actions by individual members of the Tip Notice Class would create the risk of inconsistent or varying adjudications with respect to the individual members of the Tip Notice Class that would establish incompatible standards of conduct for Defendant.

107.     Without a class action, Defendant will likely continue to retain the benefit of their wrongdoing and will continue a course of conduct that will result in further damages to Plaintiff and the Tip Notice Class.

108.     Plaintiff and the Tip Notice Class members performed the same job duties, as servers, and were paid in an identical manner by Defendant based on Defendant's failure to provide Plaintiff and the Tip Notice Class members the appropriate tip credit notice when Defendant claimed a tip credit.

109.     Plaintiff and the Tip Notice Class members were not paid proper Florida minimum wage during the relevant time period.

110.     Defendant was aware of the requirements of the FMWA, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the Tip Notice Class members in accordance with the law.

111.     The precise size and identity of the class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant; however, Plaintiff estimate that the total number of putative Tip Notice Class members exceeds 40 servers.

112. This action is intended to include each and every server who worked at Defendant's restaurant at 28910 US-19, Clearwater, FL 33761, during the past five (5) years who was not provided the requisite tip credit notice during any workweek.

113. During all material times hereto, Plaintiff and all Tip Notice Class members were non-exempt servers and employees of Defendant.

114. Plaintiff and the Tip Notice Class members performed work as servers which was an integral part of Defendant's business.

115. Defendant violated the FMWA and Florida Constitution's provision on minimum wages by not providing Plaintiff and the putative Tip Notice Class members the requisite tip credit notice.

116. The additional persons who may become Plaintiff in this action are employees with positions similarly situated to Plaintiff and who suffered from the same pay practices.

117. A class action suit, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit. The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

118. A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy. Absent these actions, many members of the class likely will not obtain redress of their damages and Defendant will retain the proceeds of their violations of the FMWA and Florida Constitution.

119. Furthermore, even if every member of the class could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system.

Concentrating the litigation in one forum will promote judicial economy, efficiency, and parity among the claims of individual members of the class and provide for judicial consistency.

120.     The relief sought is common to the entire class including, inter alia: (a) Payment by Defendant of actual damages caused by their failure to pay minimum wages pursuant to the Florida Constitution and/or F.S. § 448.110; and (b) Payment by Defendant of liquidated damages caused by their failure to pay minimum wages pursuant to the Florida Constitution and/or F.S. § 448.110 as a result of Defendant's intentional and/or willful violations.

WHEREFORE, Plaintiff, NATALIE ROHDE respectfully request that this Honorable Court enter judgment in their favor and against Defendant, HKM PINELLAS LLC D/B/A HAMBURGER MARY'S CLEARWATER, and award Plaintiff, and the putative class: (a) unliquidated Florida minimum wage damages to be paid by Defendant; (b) the tip credit unlawfully claimed by Defendant; (c) all tips unlawfully retained by Defendant; (d) liquidated damages to be paid by Defendant; (e) all reasonable attorney's fees and costs permitted under Fla. Stat. § 448.110 and Florida law to be paid by Defendant and any and all such further relief as this Court may deem just and reasonable under the circumstances.

## COUNT II – COLLECTIVE ACTION FOR FEDERAL MINIMUM WAGE VIOLATIONS
### (TIP NOTICE COLLECTIVE)

121.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 83 as though set forth fully herein.

122.     Plaintiff and all other servers were entitled to be paid full federal minimum wage in one or more workweeks for certain hours worked during their employment with Defendant.

123. Defendant attempted to rely on the FLSA's tip credit but failed to provide Plaintiff and all other servers with requisite notice of the tip credit required under federal law.

124. Plaintiff and the putative collective of servers are therefore entitled to receive full federal minimum wage at the rate of $7.25 per hour for every hour of work within the previous three (3) years.

125. Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to recover federal minimum wages for herself and the following similarly situated Tip Notice Collective:

> **All servers who worked for Defendant at Hamburger Mary's Clearwater during the three (3) years preceding this lawsuit who did not receive proper notice from Defendant that they would be taking a tip credit toward the required federal minimum wage.**

126. Defendant knew Plaintiff performed work but willfully failed to pay Plaintiff full federal minimum wages, contrary to the FLSA.

127. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff has been damaged in the loss of federal minimum wages for one or more weeks of work during their employment with Defendant.

128. Defendant's willful and/or intentional violations of law entitle Plaintiff to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, NATALIE ROHDE, respectfully requests that this Honorable Court enter judgment in their favor and against Defendant, HKM PINELLAS LLC D/B/A HAMBURGER MARY'S CLEARWATER, and award Plaintiff, and the putative collective: (a) unliquidated federal minimum wage damages to be paid by Defendant; (b) the tip credit unlawfully claimed by Defendant; (c) liquidated damages to be paid by Defendant; (d) all reasonable attorney's fees and litigation costs permitted under the FLSA to

be paid by Defendant; and any and all such further relief as this Court deems just and reasonable under the circumstances.

**COUNT III – FED. R. CIV. P. 23 CLASS ACTION**
**FOR FLORIDA MINIMUM WAGE VIOLATIONS**
**(SUBSTANTIAL SIDE WORK CLASS)**

129.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 83 as though set forth fully herein.

130.     Defendant violated the terms of F.S. § 448.110 and the Florida Constitution's minimum wage requirements by forcing Plaintiff and all other servers to work more than thirty (30) continuous minutes on non-tipped duties and side work during any shift.

131.     Defendant owes Plaintiff and all other similarly situated employees the full applicable Florida minimum wage for the time they were required to more than thirty (30) continuous minutes on non-tipped duties and side work during any shift in the previous five (5) years.

132.     The work performed by servers for more than thirty (30) consecutive minutes on non-tipped duties predominantly benefit Defendant and is not optional.

133.     Plaintiff and all other servers did not volunteer to work more than thirty (30) continuous minutes on non-tipped duties and side work during any shift.

134.     The work performed by Plaintiff for more than thirty (30) continuous minutes on non-tipped duties and side work during any shift was more than *de minimus*.

135.     On January 11, 2023, Plaintiff served Defendant with a written pre-suit Notice pursuant to Fla. Stat. § 448.110, on behalf of herself and a class of similarly situated servers.

136.     More than 15 days have elapsed since Plaintiff served her written pre-suit Notice on Defendant, and Defendant has failed to tender full payment to Plaintiff and the class.

137.     In 2017, the Florida Minimum Wage was $8.10 per hour.

138.     In 2018, the Florida Minimum Wage was $8.25 per hour.

139.     In 2019, the Florida Minimum Wage was $8.46 per hour.

140.     In 2020, the Florida Minimum Wage was $8.56 per hour.

141.     From January 1, 2021, through September 30, 2021, the Florida Minimum Wage was $8.65 per hour.

142.     From October 1, 2021, through the September 29, 2022, the Florida Minimum Wage was $10.00 per hour.

143.     From September 30, 2022, through the present the Florida Minimum Wage is/was $11.00 per hour.

144.     Plaintiff and the proposed Substantial Side Work Class members were subjected to identical violations of the FMWA and Florida Constitution.

145.     Plaintiff seeks class certification under Fed. R. Civ. P. 23 of the following class for Defendant's failure to pay Florida's minimum wages:

> **All servers who worked for Defendant at Hamburger Mary's Clearwater during the five (5) years preceding this lawsuit who were required to spend more than thirty (30) continuous minutes on non-tipped duties and side work during any shift.**

### RULE 23 CLASS ALLEGATIONS

146.     Plaintiff brings this FMWA claim as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the above class (the "Substantial Side Work Class").

147.     The putative Substantial Side Work Class members are treated equally and similarly by Defendant, in that they were denied full and proper Florida minimum wages

based on Defendant's failure to pay Plaintiff and all other servers any wages for the substantial side work.

148. *Numerosity:* Defendant employed more than 40 servers in the class during the past five (5) years who were required to spend more than thirty (30) continuous minutes on non-tipped duties and side work during any shift. Given Defendant's considerable size and the systematic nature of their failure to comply with Florida law, the members of the Class are so numerous that joinder of all members is impractical.

149. Plaintiff and the class members were subject to the same employment policies.

150. *Commonality:* Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting any individual member of the Class, including Plaintiff. Such questions common to the Class include, but are not limited to the following: (a) Whether Plaintiff and the Substantial Side Work Class were "employees" of Defendant; (b) Whether Plaintiff and the Substantial Side Work Class's hours were properly recorded; (c) Whether Defendant violated the Florida minimum wage rights of Plaintiff and the Substantial Side Work Class under the FMWA by requiring them to attend monthly meetings without compensation; (d) The length of monthly meetings; (e) Whether Defendant willfully or intentionally refused to pay Plaintiff and the Substantial Side Work Class Florida minimum wages as required under Florida law; (f) Whether Defendant knew or should have known of the Florida minimum wage requirements and either intentionally avoided or recklessly failed to investigate proper payroll practices; and (g) The nature, extent, and measure of damages suffered by the Plaintiff and the Substantial Side Work Class based upon Defendant's conduct.

151. *Typicality:* Plaintiff's claims are typical of the claims of the members of the Substantial Side Work Class. Plaintiff's claims arise from the Defendant's company-wide policy of requiring servers to work more than thirty (30) consecutive minutes on non-tipped duties.

152. *Adequacy*: Plaintiff will fairly and adequately protect the interests of the Substantial Side Work Class. Plaintiff has no interests that might conflict with the interests of the Substantial Side Work Class. Plaintiff are interested in pursuing their claims against Defendant vigorously and have retained counsel competent and experienced in class and complex litigation.

153. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

154. Defendant has acted on grounds generally applicable to the Substantial Side Work Class thereby making relief appropriate with respect to the Substantial Side Work as a whole. Prosecution of separate actions by individual members of the Substantial Side Work Class would create the risk of inconsistent or varying adjudications with respect to the individual members of the Substantial Side Work Class that would establish incompatible standards of conduct for Defendant.

155. Without a class action, Defendant will likely continue to retain the benefit of their wrongdoing and will continue a course of conduct that will result in further damages to Plaintiff and the Substantial Side Work Class.

156. Plaintiff and the Substantial Side Work Class members performed the same job duties, as servers, and were paid in an identical manner by Defendant based on Defendant's failure to pay Plaintiff and the Substantial Side Work Class for their mandatory attendance at monthly meetings.

157. Plaintiff and the Substantial Side Work Class members were not paid proper Florida minimum wages during the relevant time period.

158. Defendant was aware of the requirements of the FMWA, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the Substantial Side Work Class members in accordance with the law.

159. The precise size and identity of the class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant; however, Plaintiff estimate that the total number of putative Substantial Side Work Class members exceeds forty (40) servers.

160. This action is intended to include every server who worked at Defendant's restaurant at 28910 US-19, Clearwater, FL 33761, during the past five (5) years who was not paid the Florida minimum wage for working more than thirty (30) consecutive minutes on non-tipped work.

161. During all material times hereto, Plaintiff and all Substantial Side Work Class members were non-exempt employees of Defendant.

162. Defendant violated the FMWA and Florida Constitution's provision on minimum wages by refusing to pay Plaintiff and the putative Substantial Side Work Class members any wages for the time they spent working thirty (30) or more consecutive minutes on non-tipped worked.

163. The additional persons who may become Plaintiff in this action are employees with positions similarly situated to Plaintiff and who were required to spend working thirty (30) or more consecutive minutes on non-tipped worked.

164. Plaintiff has complied with pre-suit notice, and all other conditions precedent to this action have been performed, or waived, by sending Defendant a written pre-suit Florida Minimum Wage demand letter as required by Florida law before this claim was filed.

165. A class action suit, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit. The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

166. A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy. Absent these actions, many members of the class likely will not obtain redress of their damages and Defendant will retain the proceeds of their violations of the FMWA and Florida Constitution.

167. Furthermore, even if every member of the class could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy, efficiency, and

parity among the claims of individual members of the class and provide for judicial consistency.

168.    The relief sought is common to the entire class including, inter alia: (a) Payment by Defendant of actual damages caused by their failure to pay minimum wages pursuant to the Florida Constitution and/or F.S. § 448.110; (b) Payment by Defendant of liquidated damages caused by their failure to pay minimum wages pursuant to the Florida Constitution and/or F.S. § 448.110 as a result of Defendant's intentional and/or willful violations; (c) Payment by Defendant of the costs and expenses of this action, including reasonable attorney's fees of Plaintiff's counsel.

169.    Plaintiff and the Substantial Side Work Class members have sustained damages arising out of the same wrongful and company-wide employment policies of Defendant in violation of the FMWA and Florida Constitution.

WHEREFORE, Plaintiff, NATALIE ROHDE, respectfully requests that this Honorable Court enter judgment in their favor and against Defendant, HKM PINELLAS LLC D/B/A HAMBURGER MARY'S CLEARWATER, and award Plaintiff, and the putative class: (a) unliquidated Florida minimum wage damages to be paid by Defendant; (b) liquidated damages to be paid by Defendant; (c) all reasonable attorney's fees and costs permitted under Fla. Stat. § 448.110 and Florida law to be paid by Defendant; and any and all such further relief as this Court may deem just and reasonable under the circumstances.

## COUNT IV – COLLECTIVE ACTION FOR FEDERAL MINIMUM WAGE VIOLATIONS
### (SUBSTANTIAL SIDE WORK COLLECTIVE)

170.    Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 83 as though set forth fully herein.

171.    Plaintiff was entitled to be paid full federal minimum wage in one or more workweeks for certain hours worked during her employment with Defendant.

172.    Defendant forced Plaintiff and all other servers to work more than thirty (30) continuous minutes on non-tipped duties and side work during any shift.

173.    The work performed by servers for more than thirty (30) continuous minutes on non-tipped duties and side work during any shift predominantly benefit Defendant and is not optional.

174.    Plaintiff and all other servers did not volunteer to work more than thirty (30) continuous minutes on non-tipped duties and side work during any shift.

175.    The work performed by Plaintiff and all other servers for more than thirty (30) continuous minutes on non-tipped duties and side work during any shift was more than *de minimus*.

176.    Plaintiff and the putative collective of servers are therefore entitled to receive full federal minimum wage at the rate of $7.25 per hour for every hour of work within the previous (3) years, including the time they were required to spend more than thirty (30) consecutive minutes working on non-tipped activities.

177.    Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to recover federal minimum wages for herself and the following similarly situated Substantial Side Work Collective:

> **All servers who worked for Defendant at Hamburger Mary's Clearwater during the three (3) years preceding this lawsuit, who were required to spend more than thirty (30) continuous minutes on non-tipped duties and side work during any shift.**

178.    Defendant knew Plaintiff performed work but willfully failed to pay Plaintiff full federal minimum wages, contrary to the FLSA.

179.    Defendant's failure to compensate Plaintiff and all other servers for work more than thirty (30) continuous minutes on non-tipped duties and side work during any shift has caused widespread and common minimum wage violations during the course of the previous three (3) years.

180.    As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff has been damaged in the loss of federal minimum wages for one or more weeks of work during their employment period.

181.    Defendant's willful and/or intentional violations of law entitle Plaintiff to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, NATALIE ROHDE, respectfully requests that this Honorable Court enter judgment in their favor and against Defendant, HKM PINELLAS D/B/A HAMBURGER MARY'S CLEARWATER, and award Plaintiff, and the putative collective: (a) unliquidated federal minimum wage damages to be paid by Defendant; (b) liquidated damages to be paid by Defendant; (c) all reasonable attorney's fees and litigation costs as permitted under the FLSA to be paid by Defendant; and any and all such further relief as this Court deems just and reasonable under the circumstances.

### COUNT V – FED. R. CIV. P. 23 CLASS ACTION
### FOR FLORIDA MINIMUM WAGE VIOLATIONS
### (80/20 CLASS)

182.    Plaintiff hereby re-avers Paragraphs 1 through 83 as though set forth fully herein.

183.    Defendant claimed a tip credit under Florida law for each hour of work performed by Plaintiff and all other servers during the previous five (5) years (except for training periods).

184.    Plaintiff and all other similarly situated servers are/were entitled to be paid Florida's full minimum wage during their employment with Defendant.

185.    Plaintiff and the proposed class members were subjected to similar violations of Florida law as a result of Defendant's failure to pay them the full state minimum wage when they were required to spend more than 20% of their workweek performing non-tipped duties and side work.

186.    Plaintiff seeks recovery of Florida minimum wages under Fed. R. Civ. P. 23 for herself and the following class for Defendant's failure to pay constitutionally mandated state minimum wages:

> **All servers who worked for Defendant at Hamburger Mary's Clearwater during the five (5) years preceding this lawsuit, who were required to spend more than 20% of their shifts performing "non-tipped" incidental duties and did not receive the full applicable Florida Minimum Wage for this time pursuant to Fla. Const. Art. X 24(c) and/or F.S. § 448.110.**

### RULE 23 CLASS ALLEGATIONS

187.    Plaintiff brings their FMWA claims as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the above class.

188.    The putative 80/20 Class members are treated equally and similarly by Defendant, in that they were denied Florida minimum wages based upon the Defendant requiring Plaintiff and similarly situated servers to spend more than 20% of their workweek performing non-tipped duties and side work.

189.    *Numerosity:* Defendant employed at least thirty (30) servers at their restaurant located at its restaurant at 28910 US-19, Clearwater, FL 33761, during the past five (5) years who were required to spend at least 20% of their workweek performing non-tipped duties and side work and were not paid the pertinent Florida minimum wage.  Given Defendant's size

and the systematic nature of their failure to comply with Florida law, the members of the Class are so numerous that joinder of all members is impractical.

190.     Plaintiff and the 80/20 Class members were victims of the same policies, including Defendant's requirement that employees spend at least 20% of each workweek performing non-tipped duties and side work.

191.     *Commonality:* Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting any individual member of the Class, including Plaintiff.  Such questions common to the Class include, but are not limited to the following: (a) Whether Plaintiff and the 80/20 Class members were "employees" of Defendant; (b) Whether Plaintiff and the 80/20 Class's hours were properly recorded; (c) Whether Defendant violated the Florida minimum wage rights of Plaintiff and the 80/20 Class under the FMWA and Florida Constitution by failing to compensate the putative class the full state minimum wage when they spent more than 20% of their workweek performing non-tipped duties and side work; (d) Whether Defendant willfully or intentionally refused to pay Plaintiff and the 80/20 Class Florida minimum wages; (e) Whether Defendant knew or should have known of the Florida minimum wage requirements and either intentionally avoided or recklessly failed to investigate proper payroll and time keeping practices; and (f) The nature, extent, and measure of damages suffered by the Plaintiff and the 80/20 Class.

192.     *Typicality:* Plaintiff' claims are typical of the claims of the members of the 80/20 Class.  Plaintiff's claims arise from Defendant's company-wide policy of claiming a tip credit for all servers and requiring them spend more than 20% of their workweek on non-tipped duties and side work.

193.     *Adequacy*: Plaintiff will fairly and adequately protect the interests of the 80/20 Class.  Plaintiff has no interest that might conflict with the interests of the 80/20 Class. Plaintiff are determined to pursue their claims against Defendant vigorously and have retained counsel competent and experienced in class and employment litigation.

194.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

195.     Defendant acted on grounds generally applicable to the 80/20 Class, thereby making relief appropriate with respect to the 80/20 Class as a whole.  Prosecution of separate actions by individual members of the 80/20 Class would create the risk of varying adjudications with respect to the individual members of the 80/20 Class that would establish incompatible standards of conduct for Defendant.

196.     The identity of the 80/20 Class is readily identifiable from Defendant's records.

197.     Without a class action, Defendant will likely continue to retain the benefit of their wrongdoing and will continue a course of conduct that will result in further damages to Plaintiff and the 80/20 Class.

198.     Plaintiff and the 80/20 Class members performed the same job duties, as restaurant servers, and were paid in an identical manner by Defendant based on Defendant requiring restaurant servers to spend more than 20% of shifts and workweeks on non-tipped

duties and side work without paying the restaurant servers at least the full applicable Florida minimum wage.

199.     Plaintiff and the 80/20 Class members were not paid proper Florida minimum wages when their non-tipped duties and side work exceeded 20% of any workweek within the statute of limitations.

200.     Defendant was aware of the requirements of the FMWA, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the 80/20 Class members in accordance with the law.

201.     This action is intended to include each and every restaurant server who worked for Defendant's restaurant at 28910 US-19, Clearwater, FL 33761, during the past five (5) years who was required to spend more than 20% of their workweek performing non-tipped duties and side work.

202.     During all material times hereto, Plaintiff and all 80/20 Class members are/were non-exempt employees of Defendant.

203.     Plaintiff and the other servers' work for Defendant is an integral part of Defendant's business.

204.     Defendant violated the terms of the FMWA and Florida Constitution's provision on minimum wages by not paying Plaintiff and the putative class members at least Florida's minimum wage for all hours worked.

205.     In 2017, the Florida Minimum Wage was $8.10 per hour.

206.     In 2018, the Florida minimum wage was $8.25 per hour.

207.     In 2019, the Florida minimum wage was $8.46 per hour.

208.     In 2020, the Florida minimum wage was $8.56 per hour.

209.     From January 1, 2021, until September 29, 2021, the Florida minimum wage was $8.65 per hour.

210.     From September 30, 2021, through the September 29, 2022, the Florida Minimum Wage was $10.00 per hour.

211.     From September 30, 2023, through the present, the Florida Minimum Wage is/was $11.00 per hour.

212.     During all times material hereto, Plaintiff and one or more of the 80/20 Class members complained about the illegal practices above; however, Defendant took no action to rectify any of their violations.

213.     Plaintiff has complied with pre-suit notice, and all other conditions precedent to this action have been performed, or waived, by sending Defendant a Florida minimum wage demand before this claim was filed.

214.     More than fifteen (15) calendar days have passed since Defendant received the Florida minimum wage demand letter and no payment has been tendered by Defendant to compensate Plaintiff and the putative 80/20 Class for the minimum wages owed.

215.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Absent these actions, many members of the class likely will not obtain redress of their damages and Defendant will retain the proceeds of their violations of the FMWA and Florida Constitution.

216.     Furthermore, even if every member of the 80/20 Class could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy, efficiency, and

parity among the claims of individual members of the class and provide for judicial consistency.

217.    The relief Plaintiff seeks is common to the entire class including, inter alia: (a) Payment by the Defendant of actual damages caused by their failure to pay minimum wages pursuant to the Florida Minimum Wage Act and Florida Constitution; (b) Payment by the Defendant of liquidated damages caused by their intentional and/or willful failure to pay minimum wages pursuant to the Florida Minimum Wage Act and Florida Constitution; (c) Payment by the Defendant of the costs and expenses of this action, including attorney's fees of Plaintiff's counsel.

218.    As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff and the 80/20 Class members have been damaged in the loss of Florida minimum wages for one or more weeks of work during their employment with Defendant.

WHEREFORE, Plaintiff, NATALIE ROHDE, respectfully requests that this Honorable Court enter judgment in their favor and against Defendant, HKM PINELLAS D/B/A HAMBURGER MARY'S CLEARWATER, and award Plaintiff, and the putative class: (a) unliquidated Florida minimum wage damages to be paid by Defendant; (b) liquidated damages to be paid by Defendant; (c) all reasonable attorney's fees and costs permitted under Fla. Stat. § 448.110 and Florida law to be paid by Defendant; and any and all such further relief as this Court may deem just and reasonable under the circumstances.

### COUNT VI - COLLECTIVE ACTION FOR FEDERAL MINIMUM WAGE VIOLATIONS
### (80/20 COLLECTIVE)

219.    Plaintiff hereby re-avers Paragraphs 1 through 83 as though set forth fully herein.

220.     Plaintiff and all other similarly situated servers are/were entitled to be paid full federal minimum wage for certain hours worked during their employment with Defendant.

221.     Defendant claimed a tip credit for each hour of work for Plaintiff and all other servers during all times material hereto (except during training periods).

222.     However, Defendant commonly required servers to spend a substantial portion of their workweek performing side work and non-tipped duties.

223.     Plaintiff and the proposed collective members were subjected to similar violations of federal law as a result of the Defendant claiming a tip credit and requiring all servers to spend more than 20% of their workweek performing non-tipped duties and side work.

224.     Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to recover of federal minimum wages for herself and the following similarly situated 80/20 Collective:

> **All servers who worked for Defendant at Hamburger Mary's Clearwater during the three (3) years preceding this lawsuit, who were required to spend more than 20% of their shifts performing "non-tipped" incidental duties and did not receive the required federal minimum wage.**

225.     Defendant willfully failed to pay Plaintiff and the putative collective members the full federal minimum wage for one or more weeks of work.

226.     As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff and the collective members have been damaged in the loss of federal minimum wages for one or more weeks of work during their employment with Defendant.

227.     Defendant's willful and/or intentional violations of entitle Plaintiff and the putative collective members to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, NATALIE ROHDE, respectfully requests that this Honorable Court enter judgment in their favor and against Defendant, HKM PINELLAS LLC D/B/A HAMBURGER MARY'S CLEARWATER, and award Plaintiff, and the putative collective: (a) unliquidated federal minimum wage damages to be paid by Defendant; (b) liquidated damages to be paid by Defendant; (c) all reasonable attorney's fees and litigation costs as permitted under the FLSA to be paid by Defendant; and any and all such further relief as this Court deems just and reasonable under the circumstances.

## COUNT VII – FED. R. CIV. P. 23 CLASS ACTION
## FOR FLORIDA MINIMUM WAGE VIOLATIONS
### (UNLAWFUL TIP POOL CLASS)

228. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 83 as though fully set forth herein.

229. Defendant violated the terms of F.S. § 448.110 and the Florida Constitution's minimum wage requirements by requiring servers to share their tips with non-tipped employees (such as Supervisors, Managers and Team Leads).

230. Plaintiff and the putative class did not voluntarily share their tips with Supervisors, Managers and/or Team Leads.

231. Defendant therefore forfeits any tip credit under Florida law and owe each server *at least* $3.02 for each hour of work they performed from 2018 through the present.

232. On January 11, 2023, Plaintiff served Defendant with a written pre-suit Notice pursuant to Fla. Stat. § 448.110, on behalf of herself and a class of all similarly situated servers.

233. More than 15 days have elapsed since Plaintiff served her written pre-suit Notice on Defendant, and Defendant has failed to tender full payment to Plaintiff and the class.

234. In 2017, the Florida Minimum Wage was $8.10 per hour.

235. In 2018, the Florida Minimum Wage was $8.25 per hour.

236. In 2019, the Florida Minimum Wage was $8.46 per hour.

237. In 2020, the Florida Minimum Wage was $8.56 per hour.

238. From January 1, 2021, through September 29, 2021, the Florida Minimum Wage was $8.65 per hour.

239. From September 30, 2021, through the September 29, 2022, the Florida Minimum Wage was $10.00 per hour.

240. From September 30, 2022, through the present the Florida Minimum Wage is/was $11.00 per hour.

241. Plaintiff and the proposed Unlawful Tip Pool Class members were subjected to similar violations of the FMWA and Florida Constitution.

242. Plaintiff seeks class certification under Fed. R. Civ. P. 23 of the following class for Defendant's failure to pay Florida minimum wages:

> **Unlawful Tip Pool Class: All servers who worked for Defendant at Hamburger Mary's Clearwater during the five (5) years preceding this lawsuit, who were required to share their tips with ineligible employees, including but not limited to supervisors and/or managers.**

### RULE 23 CLASS ALLEGATIONS

243. Plaintiff brings this FMWA claim as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the above class (the "Unlawful Tip Pool Class").

244. The putative Unlawful Tip Pool Class members are treated equally and similarly by Defendant, in that they were denied full and proper Florida minimum wages based upon Defendant's inclusion of non-tipped employees in their tip pool.

245.  *Numerosity:* Defendant employed in excess of 40 Servers in the class during the past five (5) years who were required to surrender a portion of their tips to Supervisors, Managers and Team Leads; nevertheless, Defendant claimed a tip credit for these employees. Given Defendant's considerable size and the systematic nature of their failure to comply with Florida law, the members of the Class are so numerous that joinder of all members is impractical.

246.  Plaintiff and the class members were subject to the same employment policies.

247.  *Commonality:* Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting any individual member of the Class, including Plaintiff.  Such questions common to the Class include, but are not limited to the following: (a) Whether Plaintiff and the Unlawful Tip Pool Class were "employees" of Defendant; (b) Whether Plaintiff and the Unlawful Tip Pool Class's hours were properly recorded; (c) Whether Defendant violated the Florida minimum wage rights of Plaintiff and the Unlawful Tip Pool Class under the FMWA by permitting Supervisors, Managers and/or Team Leads to participate in the tip pool; (d) Whether Defendant willfully or intentionally refused to pay Plaintiff and the Unlawful Tip Pool Class Florida minimum wages as required under Florida law; (e) Whether Defendant knew or should have known of the Florida minimum wage requirements and either intentionally avoided or recklessly failed to investigate proper payroll practices; and (f) The nature, extent, and measure of damages suffered by the Plaintiff and the Unlawful Tip Pool Class based upon Defendant's conduct.

248.  *Typicality:* Plaintiff's claims are typical of the claims of the members of the Unlawful Tip Pool Class.  Plaintiff's claims arise from Defendant's company-wide tip pooling

arrangement which permits Supervisors, Managers and Team Leads to participate in the restaurant's tip pool with servers.

249. *Adequacy*: Plaintiff will fairly and adequately protect the interests of the Unlawful Tip Pool Class. Plaintiff has no interest that might conflict with the interests of the Unlawful Tip Pool Class. Plaintiff is interested in pursuing their claims against Defendant vigorously and has retained counsel competent and experienced in class and complex litigation.

250. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

251. Defendant has acted on grounds generally applicable to the Unlawful Tip Pool Class, thereby making relief appropriate with respect to the Unlawful Tip Pool Class as a whole. Prosecution of separate actions by individual members of the Unlawful Tip Pool Class would create the risk of inconsistent or varying adjudications with respect to the individual members of the Unlawful Tip Pool Class that would establish incompatible standards of conduct for Defendant.

252. Without a class action, Defendant will likely continue to retain the benefit of their wrongdoing and will continue a course of conduct that will result in further damages to Plaintiff and the Unlawful Class.

253.     Plaintiff and the Unlawful Tip Pool Class members performed the same job duties, as Servers, and all participated in the same unlawful tip pool.

254.     Plaintiff and the Unlawful Tip Pool Class members were not paid proper Florida minimum wage during the relevant time period.

255.     Defendant was aware of the requirements of the FMWA, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the Unlawful Tip Pool Class members in accordance with the law.

256.     The precise size and identity of the class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant; however, Plaintiff estimate that the total number of putative Unlawful Tip Pool Class members exceeds 40 Servers.

257.     This action is intended to include each and every Server who worked at Defendant's restaurant located at 28910 US-19, Clearwater, FL 33761 for the previous five (5) years who participated in Defendant's unlawful tip pool which included Supervisors, Managers and/or Team Leads.

258.     During all material times hereto, Plaintiff and all Unlawful Tip Pool Class members were non-exempt Server employees of Defendant.

259.     Plaintiff and the Unlawful Tip Pool Class members performed work as Servers which was an integral part of Defendant's business.

260.     Defendant violated the FMWA and Florida Constitution's provision on minimum wages by allowing Supervisors, Managers and/or Team Leads to participate in a tip pool with Servers and thus requiring Servers to share these tips with these individuals.

261.    Plaintiffs have complied with pre-suit notice, and all other conditions precedent to this action have been performed, or waived, by sending Defendant a written pre-suit Florida Minimum Wage demand letter as required by Florida law before this claim was filed.

262.    A class action suit, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit. The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

263.    A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy.  Absent these actions, many members of the class likely will not obtain redress of their damages and Defendant will retain the proceeds of their violations of the FMWA and Florida Constitution.

264.    Furthermore, even if every member of the class could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy, efficiency, and parity among the claims of individual members of the class and provide for judicial consistency.

265.    The relief sought is common to the entire class including, inter alia: (a) Payment by Defendant of actual damages caused by their failure to pay minimum wages pursuant to the Florida Constitution and/or F.S. § 448.110; (b) Return of all tips unlawfully pilfered by Defendant; (c) Payment by Defendant of liquidated damages caused by their failure to pay minimum wages pursuant to the Florida Constitution and/or F.S. § 448.110 as a result of

Defendant's intentional and/or willful violations; (d) Payment by Defendant of the costs and expenses of this action, including reasonable attorney's fees of Plaintiff's counsel.

266.    Plaintiff and the Unlawful Tip Pool Class members have sustained damages arising out of the same wrongful and company-wide employment policies which violate the FMWA and Florida Constitution.

WHEREFORE, Plaintiff, NATALIE ROHDE respectfully request that this Honorable Court enter judgment in their favor and against Defendant, HKM PINELLAS LLC D/B/A HAMBURGER MARY'S CLEARWATER, and award Plaintiff, and the putative class: (a) unliquidated Florida minimum wage damages to be paid by Defendant,; (b) the tip credit unlawfully claimed by Defendant; (c) all tips unlawfully retained by Defendant; (d) liquidated damages to be paid by Defendant; (e) all reasonable attorney's fees and costs permitted under Fla. Stat. § 448.110 and Florida law to be paid by Defendant, and any and all such further relief as this Court may deem just and reasonable under the circumstances.

### COUNT VIII – COLLECTIVE ACTION FOR FEDERAL MINIMUM WAGE VIOLATIONS
### (UNLAWFUL TIP POOL COLLECTIVE)

267.    Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 83 as though set forth fully herein.

268.    Plaintiff was entitled to be paid full federal minimum wage in one or more workweeks for certain hours worked during their employment with Defendant.

269.    Defendant attempted to rely on the FLSA's tip credit but unlawfully permitted non-tipped employees (such as Supervisors, Managers and/or Team Leads) to participate in Defendant's tip pool along with servers.

270. Plaintiff and the putative class did not voluntarily share their tips with Supervisors, Managers and/or Team Leads.

271. Defendant therefore must return all tips unlawfully retained by Supervisors, Managers and Team Leads **and** must pay Plaintiff the tip credit claimed during the previous three (3) years.

272. Plaintiff seeks to recover these federal minimum wages and tips under 29 U.S.C. § 216(b) for themselves and the following Unlawful Tip Pool Collective for Defendant's failure to pay Plaintiff and the putative collective in accordance with federal law:

> **All servers who worked for Defendant at Hamburger Mary's Clearwater during the three (3) years preceding this lawsuit, who were required to share their tips with ineligible employees, including but not limited to supervisors and/or managers.**

273. Defendant knew Plaintiff was a tipped employees but willfully failed to pay Plaintiff in accordance with the FLSA.

274. As a direct and proximate result of Defendant's unlawful pay practices, Plaintiff has been damaged in the loss of federal minimum wages and tips for one or more weeks of work during her employment with Defendant.

275. Defendant's willful and/or intentional violations of law entitle Plaintiff to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, NATALIE ROHDE, respectfully request that this Honorable Court enter judgment in their favor and against Defendant, HKM PINELLAS LLC D/B/A HAMBURGER MARY'S CLEARWATER, and award Plaintiff, and the putative collective: (a) unliquidated federal minimum wage damages to be paid by Defendant; (b) the tip credit unlawfully claimed by Defendant; (c) all tips unlawfully retained by

Defendant; (d) liquidated damages to be paid by Defendant; (e) all reasonable attorney's fees and litigation costs as permitted under the FLSA payable by Defendant; and any and all such further relief as this Court deems just and reasonable under the circumstances.

**COUNT IX – FED. R. CIV. P. 23 CLASS ACTION**
**FOR FLORIDA MINIMUM WAGE VIOLATIONS**
**(SUBSTANDARD MINIMUM WAGE CLASS)**

276.    Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 83 as though set forth fully herein.

277.    Defendant violated the terms of F.S. § 448.110 and the Florida Constitution's minimum wage requirements by paying Plaintiff and all other similarly situated servers under the applicable Florida minimum wage from October 1, 2022 through the present. (the "Time Period").

278.    Defendant owes Plaintiff and all other similarly situated servers the full applicable Florida minimum wage for the Time Period.

279.    On January 11, 2023, Plaintiff served Defendant with a written pre-suit Notice pursuant to Fla. Stat. § 448.110, on behalf of herself, and a class of all similarly situated servers.

280.    More than 15 days have elapsed since Plaintiff served her written pre-suit Notice on Defendant, and Defendant has failed to tender full payment to Plaintiff.

281.    From October 1, 2022 through the present the Florida Minimum Wage was $11.00 per hour.

282.    Plaintiff and the proposed Substandard Minimum Wage Class members were subjected to identical violations of the FMWA and Florida Constitution.

283.    Plaintiff seeks class certification under Fed. R. Civ. P. 23 of the following class for Defendant's failure to pay Florida's mandated minimum wages:

**All servers who worked for Defendant at Hamburger Mary's Clearwater who were compensated at an hourly wage below the requisite Florida reduced minimum-wage beginning October 1, 2022.**

## RULE 23 CLASS ALLEGATIONS

284.    Plaintiff brings this FMWA claim as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the above class (the "Substandard Minimum Wage Class").

285.    The putative Substandard Minimum Wage Class members are treated equally and similarly by Defendant, in that they were denied full and proper Florida minimum wages based upon Defendant's failure to pay Plaintiff and all other servers the applicable state minimum wage during the Time Period.

286.    *Numerosity:* Defendant employed more than 30 Servers in the class from October 1, 2022 who were not provided the paid the applicable minimum wage during the Time Period. Given Defendant's considerable size and the systematic nature of their failure to comply with Florida law, the members of the Class are so numerous that joinder of all members is impractical.

287.    Plaintiff and the class members were subject to the same employment policies.

288.    *Commonality:* Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting any individual member of the Class, including Plaintiff.  Such questions common to the Class include, but are not limited to the following: (a) Whether Plaintiff and the Substandard Minimum Wage Class were "employees" of Defendant; (b) Whether Plaintiff and the Substandard Minimum Wage Class's hours were properly recorded; (c) Whether Defendant violated the Florida minimum wage rights of Plaintiff and the Substandard Minimum Wage Class under the FMWA by

paying them a subminimum wage during training periods; (d) Whether Defendant willfully or intentionally refused to pay Plaintiff and the Substandard Minimum Wage Class Florida minimum wages as required under Florida law; (f) Whether Defendant knew or should have known of the Florida minimum wage requirements and either intentionally avoided or recklessly failed to investigate proper payroll practices; and (g) The nature, extent, and measure of damages suffered by the Plaintiff and the Substandard Minimum Wage Class based upon Defendant's conduct.

289.  *Typicality:* Plaintiff's claims are typical of the claims of the members of the Substandard Minimum Wage Class.  Plaintiff's claims arise from the Defendant's company-wide policy of paying servers and a sub-minimum wage during the Time Period.

290.  *Adequacy*: Plaintiff will fairly and adequately protect the interests of the Substandard Minimum Wage Class.  Plaintiff has no interest that might conflict with the interests of the Substandard Minimum Wage Class.  Plaintiff is interested in pursuing her claims against Defendant vigorously and has retained counsel competent and experienced in class and complex litigation.

291.  Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

292.    Defendant has acted on grounds generally applicable to the Substandard Minimum Wage Class, thereby making relief appropriate with respect to the Substandard Minimum Wage Class as a whole.  Prosecution of separate actions by individual members of the Substandard Minimum Wage Class would create the risk of inconsistent or varying adjudications with respect to the individual members of the Substandard Minimum Wage Class that would establish incompatible standards of conduct for Defendant.

293.    Without a class action, Defendant will likely continue to retain the benefit of their wrongdoing and will continue a course of conduct that will result in further damages to Plaintiff and the Substandard Minimum Wage Class.

294.    Plaintiff and the Substandard Minimum Wage Class members performed the same or substantially similar duties during their training periods, as servers, and were paid in an identical manner by Defendant based on Defendant's failure to pay Plaintiff and the Substandard Minimum Wage Class members the applicable state minimum during training periods.

295.    Plaintiff and the Substandard Minimum Wage Class members were not paid proper Florida minimum wage during the Time Period.

296.    Defendant was aware of the requirements of the FMWA, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the Substandard Minimum Wage Class members in accordance with the law.

297.    The precise size and identity of the class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant; however, Plaintiff estimates that the total number of putative Substandard Minimum Wage Class members exceeds 30 servers.

298. This action is intended to include every server who worked at Defendant's restaurant located at 28910 US-19, Clearwater, FL 33761 during the Time Period who was not paid the applicable state minimum wage during the Time Period.

299. During all material times hereto, Plaintiff and all Substandard Minimum Wage Class members were non-exempt employees of Defendant.

300. Plaintiff and the Substandard Minimum Wage Class members performed work as servers which was an integral part of Defendant's business.

301. Defendant violated the FMWA and Florida Constitution's provision on minimum wages refusing to pay Plaintiff and the putative Substandard Minimal Wage Class members the applicable state minimum wage during the Time Period.

302. The additional persons who may become Plaintiffs in this action are employees with positions similarly situated to Plaintiff and who were not paid the full state minimum wage during the Time Period.

303. Plaintiff has complied with pre-suit notice, and all other conditions precedent to this action have been performed, or waived, by sending Defendant a pre-suit Florida Minimum Wage demand letter as required by Florida law before this claim was filed.

304. A class action suit, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit. The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

305. A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy. Absent these actions, many members of the class

likely will not obtain redress of their damages and Defendant will retain the proceeds of their violations of the FMWA and Florida Constitution.

306. Furthermore, even if every member of the class could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy, efficiency, and parity among the claims of individual members of the class and provide for judicial consistency.

307. The relief sought is common to the entire class including, inter alia: (a) Payment by Defendant of actual damages caused by their failure to pay minimum wages pursuant to the Florida Constitution and/or F.S. § 448.110; (b) Payment by Defendant of liquidated damages caused by their failure to pay minimum wages pursuant to the Florida Constitution and/or F.S. § 448.110 as a result of Defendant's intentional and/or willful violations; (c) Payment by Defendant of the costs and expenses of this action, including reasonable attorney's fees of Plaintiff's counsel.

308. Plaintiff and the Substandard Wage Class members have sustained damages arising out of the same wrongful and company-wide employment policies of Defendant in violation of the FMWA and Florida Constitution.

WHEREFORE, Plaintiff, NATALIE ROHDE respectfully request that this Honorable Court enter judgment in their favor and against Defendant, HKM PINELLAS LLC D/B/A HAMBURGER MARY'S CLEARWATER, and award Plaintiff, and the putative class: (a) unliquidated Florida minimum wage damages to be paid by Defendant; (b) the tip credit unlawfully claimed by Defendant; (c) all tips unlawfully retained by Defendant; (d) liquidated damages to be paid by Defendant; (e) all reasonable attorney's fees and costs

permitted under Fla. Stat. § 448.110 and Florida law to be paid by Defendant, and any and all such further relief as this Court may deem just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, NATALIE ROHDE, on behalf of herself and each collective and class demand a trial by jury on all appropriate claims.

**Date: April 17, 2023**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-JORDAN RICHARDS, PLLC**
1800 SE 10th Ave, Suite 205
Fort Lauderdale, Florida 33316
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
MICHAEL MILLER, ESQUIRE
Florida Bar No. 64005
*Jordan@jordanrichardspllc.com*
*Michael@usaemploymentlawyers.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on April 17, 2023.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 1017746

## SERVICE LIST