UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**NATALIE ROHDE, on behalf of herself and all others similarly situated,**

    **Plaintiffs,**

v.                                                      Case No. 8:23-cv-829-WFJ-AAS

**HKM PINELLAS LLC d/b/a HAMBURGER MARY'S CLEARWATER,**

    **Defendant.**
_____/

## ORDER

Plaintiff Natalie Rodhe moves for an award of attorney's fees and costs against Defendant HKM Pinellas LLC d/b/a Hamburger Mary's Clearwater for its failure to waive formal service of process. (Doc. 17). The defendant opposes the motion. (Doc. 28).

### I.  BACKGROUND

The plaintiff filed this action under the Fair Labor Standards Act and the Florida Minimum Wage Act. (Doc. 1). Before filing the complaint, the plaintiff served the defendant with a written pre-suit demand and notice under FLA. STAT. § 448.110(6). After conferral, the defendant did not agree to resolve the plaintiff's claims as set forth within the pre-suit notice. However, the

1

parties continued pre-suit settlement negotiations.

The plaintiff requested via email that the defendant waive formal service of process under Fed. R. Civ. P. 4(d)(1). (*See* Doc. 17. Exs. A, B). The defendant did not respond. The plaintiff attempted to serve the defendant's Registered Agent. *See* Fed. R. Civ. P. 4(m); *see also* Fed. R. Civ. P. 4(d)(F). The defendant's Registered Agent was not in the office or was otherwise unavailable to receive service as required by FLA. STAT. § 48.091. The plaintiff then effectuated substitute service on the Florida Secretary of State. (*See* Doc. 17, Ex. C).

The plaintiff now requests attorney's fees and costs associated with effectuating service on the defendant and preparing this motion. (Doc. 17). The defendant contends the plaintiff's return of service is defective and challenges the reasonableness of the attorney's fees requested. (Doc. 28).

## II.   ANALYSIS

Under Federal Rule of Civil Procedure 4(d)(1), "an individual that is subject to service under Rule 4(e) . . . has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of summons." Fed. R. Civ. P. 4(d)(1). Federal Rule of Civil Procedure 4(d) sets forth the procedure for a defendant to waive service of process. Fed. R. Civ. P. 4(d). Rule 4(d) provides that:

> (2)   If a defendant located within the United States fails, without

2

>good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
>
>(A)  the expenses later incurred in making service; and
>
>(B)  the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

Fed. R. Civ. P. 4(d)(2).

In support of her request, the plaintiff alleges that (1) she complied fully with subsections (A) through (F) of Rule 4(d)(1), (2) the defendant failed to comply with the requests for waiver of formal service, (3) the plaintiff incurred costs in effecting formal service after giving the defendants thirty days to return the waivers, and (4) Rule 4 entitles the plaintiffs to recover the costs relating to service of the non-waiving defendant. *See Butler v. Crosby*, No. 3:04-CV-917-J-32MMH, 2005 WL 3970740, at *1 (M.D. Fla. June 24, 2005); *see also* Fed. R. Civ. P. 4(d)(1). The plaintiff incurred $524.01 in costs to effectuate service on the defendant. (*See* Doc. 17, Ex. D). Thus, under Rule 4(d)(2)(A), these costs are recoverable.

Rule 4(d)(2)(B) allows an award of attorney's fees incurred in connection with "any motion required to collect th[e] service expenses [specified in Rule 4(d)(2)(A)]." Fed. R. Civ. P. 4(d)(2)(B); *see also SPE GO Holdings, Inc. v. Anzo*, No. 2:10-CV-00215-WCO, 2012 WL 13018386, at *8 (N.D. Ga. Mar. 30, 2012) (holding that the plaintiff "cannot recover attorney's fees incurred effecting

3

service on defendant" but "is permitted . . . to recover the reasonable expenses, including attorney's fees of any motion required to collect its service expenses.") (citing Fed. R. Civ. P. 4(d)(2)(B)). Although attorney's fees in connection with this motion fall under Rule 4(d)(2)(B), they must still be reasonable. A fee applicant must exercise billing judgment by excluding "excessive, redundant or otherwise unnecessary [hours]." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). When a fee applicant does not exercise billing judgment, "courts are obligated to do it for them." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999).

The plaintiff requests fees for almost twenty hours of legal work in connection with this motion. (*See* Doc. 17, Ex. E). This is excessive considering the uncomplicated nature of the motion. In addition, the plaintiff did not contact the defendant before filing the motion. In her motion, the plaintiff "certifies that, through her Counsel, she will try diligently for three days after the filing of this motion to contact the opposing party and will supplement the motion with a statement accordingly." (Doc. 17, p. 10). According to the defendant, this conferral did not occur. (Doc. 28, p. 10). The lack of a supplement to the motion supports the defendant's contention. *See* Local Rule 3.01(g)(3) ("Failure to timely supplement can result in denial of the motion without prejudice."). The court cannot determine whether this motion was required for the plaintiff to collect her service expenses. Thus, the plaintiff

4

should not be allowed to recover attorney's fees related to preparing this motion.

## III.  CONCLUSION

The plaintiff's motion for an award of attorney's fees and costs against the defendant for its failure to waive formal service of process (Doc. 17) is **GRANTED in part and DENIED in part**. The plaintiff is granted $524.01 in service costs against the defendant. In all other respects, the motion is denied.

**ORDERED** in Tampa, Florida on October 26, 2023.

_____
AMANDA ARNOLD SANSONE
United States Magistrate Judge