**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CASE NO: 8:23-cv-00829-WFJ-AAS**

NATALIE ROHDE, on behalf of herself and
all others similarly situated,

      Plaintiff(s),

      v.

HKM PINELLAS LLC d/b/a HAMBURGER
MARY'S CLEARWATER,

      Defendant.

_____/

**JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT AGREEMENT
AND REQUEST FOR ORDER OF DISMISSAL WITH PREJUDICE**

      Plaintiff, NATALIE ROHDE ("Plaintiff"), and Opt-In Plaintiff, CHASMA

FREY ("Frey") (collectively referred to herein as "Plaintiffs"), and Defendant,

HKM PINELLAS LLC d/b/a HAMBURGER MARY'S CLEARWATER

("Defendant") (Plaintiffs and Defendant collectively referred to herein as the

"Parties"), by and through undersigned counsel, hereby file this Joint Motion for

Court Approval of Settlement and Request for Order of Dismissal with Prejudice,

as follows:

**I.    FACTUAL BACKGROUND**

      Defendant owned and operated a restaurant located at 28910 US-19 in

Clearwater, Florida 33761. *See* D.E. 1. Defendant's restaurant has ceased

operations. Defendant filed articles of dissolution with the Secretary of State on September 27, 2023. Plaintiff is a former Server who was employed by Defendant from approximately August of 2022 through January of 2023. *See* D.E. 31; *see* D.E. 31-3. Plaintiff filed a Class/Collective Action Complaint for Damages and Demand for Jury Trial on April 17, 2023. *See* D.E. 1. The Lawsuit alleges that Defendant violated the federal minimum wage provisions of the Fair Labor Standards Act ("FLSA") and the state minimum wage provisions of the Florida Minimum Wage Act ("FMWA"). *Id.* Plaintiff's unpaid wage and hour claims were predicated upon: (a) Defendant's alleged failure to provide Servers sufficient notice of a tip credit under state and federal law; (b) Defendant's alleged requirement that Servers spend more than twenty percent (20%) of their shifts on non-tipped work; (c) Defendant's alleged requirement that Servers spend more than thirty (30) continuous minutes on non-tipped work; and (d) Defendant's alleged requirement that Servers share their tips with ineligible employees, including but not limited to supervisors and/or managers. Defendant denied Plaintiff's claims and the relief sought in the Complaint.

Based on a thorough review of the records provided by Defendant, on December 21, 2023, Plaintiffs tendered a settlement offer to Defendants for Plaintiffs' full amount of alleged unpaid wages. On January 3, 2023, Defendant accepted Plaintiffs settlement offer via telephone. The total settlement amounts to $23,150.00, including the unpaid wages, liquidated damages, and attorneys' fees

and costs. (the "Settlement"). This Settlement represents recovery of one hundred percent (100%) of the amount of unpaid wages Plaintiffs claim they are owed, inclusive of liquidated damages, and attorney's fees and costs.

Given the bona fide factual and legal disputes that exist and the Parties desire to avoid the time, risk, uncertainty, and expense of lengthy and costly litigation, the Parties have now commemorated their resolution into a settlement agreement ("the Agreement") through counsel and have reached an accord on all material terms — a copy of which is attached as **Exhibit A**. The Agreement was negotiated at arm's length between the Parties. Under the terms of the settlement, Defendant agreed to pay as follows: $650.00 to Natalie Rohde representing payment of both unliquidated damages ($325) and liquidated damages ($325) for alleged violations of the FLSA; (2) $2,500.00 to Chasma Frey representing payment of both unliquidated damages ($1,250) and liquidated damages ($1,250) for alleged violations of the FLSA; and (3) $20,000.00 to USA Employment Lawyers – Jordan Richards PLLC for reasonable attorney's fees and costs. The settlement reached in this case provides Plaintiffs with fair and reasonable compensation for the claims asserted in Plaintiff's Complaint.

Counsel for Plaintiffs are also being compensated reasonable attorneys' fees separate and apart from the settlement amounts paid to Plaintiffs. Given the contentious nature of the dispute, Plaintiffs' counsel incurred a significant amount of time litigating and working on this case. A full accounting of the reasonable

hourly rates and hours billed by Plaintiffs' counsel in this matter is being provided to the Court via a Declaration of Jordan Richards, Esq. attached hereto as **Exhibit "B"**. Notably, Plaintiffs' counsel is receiving a reduced total amount of attorneys' fees and costs compared to the amount of fees incurred as reflected in their full accounting submitted to the Court. The parties agree that the amount being paid to Plaintiffs' counsel under the Agreement is fair and reasonable compensation for the work performed and the results obtained on behalf of the Plaintiffs. Accordingly, the Parties respectfully request that this Honorable Court grant their Joint Motion for Court Approval of Settlement Agreement and Request for Order of Dismissal with Prejudice.

## II.     SUMMARY OF THE SETTLEMENT TERMS

The Parties have submitted the fully executed Settlement Agreement and Mutual General Release. See **Ex. A**. Defendant has agreed to pay Plaintiffs: (1) $650.00 to Plaintiff Natalie Rohde representing payment of both unliquidated damages ($325) and liquidated damages ($325) for alleged violations of the FLSA; and (2) $2,500.00 to Opt-in Plaintiff Chasma Frey representing payment of both unliquidated damages ($1,250) and liquidated damages ($1,250) for alleged violations of the FLSA. See **Ex. A**. Defendants have agreed to make a separately negotiated settlement payment of $20,000.00 to Plaintiffs' counsel that represents fair and reasonable compensation for the contested resolution of all claims asserted in Plaintiff's Complaint. *Id.*

The amount of the fees and costs payable under the terms of the Agreement do not impact the claims alleged and were negotiated without regard to the amounts paid to Plaintiffs. Plaintiff's counsel represents that the time and expenses were reasonably and necessarily incurred for the prosecution of this action, particularly in light of the extensive litigation that occurred on these highly fact-specific claims and defenses. See Exhibit B. In addition, Plaintiffs' counsel is receiving a voluntarily reduced amount of the attorneys' fees and costs incurred according to their own internal accounting documents, which assist with reaching a fair and amicable resolution. Plaintiffs' lead counsel, Jordan Richards, Esq. and Michael V. Miller Esq., billed a reasonable hourly rate that is consistent with hourly rates previously awarded to Plaintiffs' counsel as reasonable in the litigation of similar claims before this Court.

III.    **MEMORANDUM OF LAW**

a.    **Settlement Agreement is a Fair and Reasonable Resolution**

Unlike many other legal claims, parties may not bargain away the FLSA's protections. See *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 708 (1945) ("[T]he same policy which forbids employee waiver of the minimum statutory rate because of inequality of bargaining power prohibits these same employees from bargaining with their employer in determining whether so little damage was suffered that waiver of liquidated damages is called for"). There are only two ways in which FLSA claims can be settled or compromised by employees. *See, e.g., Lynn's Food*

*Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982). First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. Id. at 1353. The only other route for compromise of FLSA claims is provided in the context of lawsuits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. *Id.*

"Settlement agreements are highly favored in the law and will be upheld whenever possible because they are a means of amicably resolving debts and uncertainties and preventing lawsuits." *See, e.g., In re Nissan Motor Corp. Antitrust Litig.*, 552 F.2d 1088, 1105 (5th Cir. 1977). The district court may dismiss an FLSA case after scrutinizing the settlement for fairness. *Lynn's Food Stores, Inc.*, 679 F.2d at 1353-55; *see also Pharr v. Highway Specialties, Inc.*, 2019 WL 131162853, at *1 (N.D. Fla. May 13, 2019); *see also Perez v. PJ'S Land Clearing & Excavating, Inc.*, 2012 WL 1290332 at *1 (S.D. Fla. Nov. 20, 2012) (recommending approval of FLSA Settlement Agreement upon finding that the settlement was a fair and reasonable resolution of a bona fide dispute over FLSA provisions). If a settlement in an FLSA dispute reflects a reasonable compromise over issues that are actually in dispute, such as FLSA coverage, exemption or computation of back wages, the District Court is permitted to review and approve the settlement in order to promote the policy of encouraging settlement of litigation. See *Lynn's Food Stores, Inc.*, 679 F.2d at 1353.

Here, under the proposed settlement agreement, Plaintiffs will recover 100% of the wages they claim to be owed. Accordingly, the Parties respectfully submit the executed Settlement Agreement and contend that resolution of the wage claims in this case is fair and reasonable. Without admitting any liability as to the alleged wage violations, Defendant has agreed to pay the amounts set forth within the Agreement and outlined above. See **Ex. A**. In order to avoid the uncertainties inherent in litigation, the Parties negotiated a settlement through counsel that is satisfactory to all Parties. *See Davidson v. Golden Bay Towers, Inc.*, 2018 WL 7636333 at *1 (S.D. Fla. Dec. 17, 2018) (approving FLSA settlement agreement when the Parties were represented by counsel and there were contested issues of liability). These hotly contested issues would have been heavily litigated and legal fees and expenses would have been incurred by all Parties.

The undersigned counsel, who are experienced in wage and hour litigation, view the reached-upon settlement as a fair and reasonable outcome for the Parties. In addition, the attorney's fees and costs payable to Plaintiffs' counsel do not create any conflict with the resolution of the FLSA claims or otherwise raise any issues contemplated by the Eleventh Circuit in *Lynn's Food Stores, Inc.*, 679 F.2d at 1353, because the Court will address the issue of attorney's fees and costs separately (if necessary). Therefore, the Settlement Agreement represents a fair and reasonable resolution of this matter.

b. **Attorney's Fees and Costs**

A prevailing plaintiff in an FLSA action is entitled to reasonable attorney's fees and costs. *See, e.g.*, *Batista v. South Florida Woman's Health Associates, Inc.*, 844 Fed. Appx. 146 (11th Cir. 2021); *see, also*, 29 U.S.C. 216(b) ("The Court shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fees to be paid by the defendant, and costs of the action"). Here, The Parties agree that the settlement payments and other matters agreed to herein are not to be construed as an admission of, or evidence of liability for any violation of the law, willful or otherwise by any entity or any person. The Defendant specifically denies any liability to Plaintiffs, and further denies that Plaintiffs were owed any unpaid minimum wage or other compensation. Nonetheless, as part of negotiating a reasonable settlement and as more fully set forth in the Agreement, Defendants have agreed to make a separately negotiated settlement payment of attorney fees and costs that is separate and apart from Plaintiff's recovery of $650.00 representing payment of both unliquidated damages ($325) and liquidated damages ($325) for alleged violations of the FLSA and Opt-in Plaintiff's recovery of $2,500.00 representing payment of both unliquidated damages ($1,250) and liquidated damages ($1,250) for alleged violations of the FLSA.

Pursuant to the Settlement Agreement, Plaintiff is recovering $650.00, and Opt-in Plaintiff is recovering $2,500.00, representing one hundred percent (100%) of the amount of unliquidated damages in which Plaintiffs claim they are owed.

Therefore, a fee award is mandatory for Plaintiffs in this case. *See James*, 489 F.Supp.2d at 1346.

"Given the nature of claims under the FLSA, it is not uncommon that attorneys' fee requests will exceed the amount of judgment in the case." *See, e.g., Davis v. Locke*, 936 F.2d 1208, 1215 (11th Cir. 1991); *see, also, James*, 489 F.Supp.2d at 1347 *citing Tyler v. Westway Auto. Serv. Ctr., Inc.*, 2005 WL 1208573 at *9 (S.D. Fla. 2005); *see, also, Guillaume v. NY Bagel Boy, Inc.*, 2015 WL 13776788 at *1 (S.D. Fla. 2015) *citing Powell v. Carey Intern., Inc.*, 547 F.Supp.2d 1281, 1286 (S.D. Fla. 2008). "The language of the statute contemplates that the wronged employee should receive her full wages plus the penalty without incurring any expense for legal fees or costs." *See, e.g., Zelaya v. Cargo Logistics Group USA LLC*, 2017 WL 283259 at *3 (S.D. Fla. 2017). A defendant's vigorous defense of an FLSA case regularly contributes to the price tag on a prevailing Plaintiff's attorney fee award. *See, e.g., Powell v. Carey Intern., Inc.*, 547 F.Supp.2d 1281, 1297 (S.D. Fla. 2008) (Strategy implemented by the Defendants necessarily required Plaintiff's counsel to expend more time and effort which drives up the ultimate charge of attorney's fees billed to an FLSA defendant resulting in award of $88,000.00 in attorney's fees after court applied a reduction); *see, also, James*, 489 F.Supp.2d at 1354. If a plaintiff obtained "excellent results," his or her attorney should be fully compensated for all time reasonably expended on the litigation. *See Popham v. City of Kennesaw*, 820 F.2d 1570, 1578 (11th Cir. 1987). It is improper to make a reduction based on a simple

ratio of successful issues to issues raised. *Id. citing Hensley*, 461 U.S. at 435, n. 11; *Popham*, 820 F.2d at 1579. Moreover, the vindication of a constitutional right is important even if only a small amount of money is involved. *Id. citing Popham*, 820 F.2d at 1580.

In this case, the Court should approve the payment of Counsel for the Plaintiffs' attorneys' fees and litigation costs incurred in the successful prosecution of the lawsuit. Although the amount to be paid to Plaintiff's counsel as attorney's fees and costs appears high, Plaintiff represents, and Defendant agrees, that the fees and costs reflected in the Settlement Agreement are reasonable in the context of the Settlement as described in the Agreement, especially considering the fact that Plaintiffs are recovering 100% of what they claim to be owed. In fact, in the context of the Settlement as described in the Agreement, Defendant does not contest the number of hours, the billing rates, or amount of attorney's fees and costs, despite that the attorneys' fee request exceeds the amount of unpaid wages in the case. *See Thompson v. GGR Roofing, Inc.*, 2006 WL 3837514 at *3 (M.D. Fla. Dec. 29, 2006) (finding it unnecessary to inquire into the reasonableness of the hourly rate charged by Plaintiff's counsel when the parties stipulated as to the reasonableness of the attorney's fees and costs); *see also Carey v. Space Coast Quality Lawn Maintenance & Landscaping, Inc.*, 2006 WL 1883443 (M.D. Fla. July 7, 2006) (accepting the parties' stipulation as to the reasonableness of attorney's fees and

costs without inquiring into the reasonableness of the hourly rate charged by the plaintiff's counsel).

Furthermore, under the Settlement Agreement, Counsel for the Plaintiffs is not collecting a percentage of the settlement fund for their attorney's fees and costs. The $20,000 requested for attorneys' fees and costs represents reasonable hourly rates for reasonable hours spent on the case, was negotiated separate and apart from Plaintiffs' recoveries, and all amounts allocated to Plaintiffs were not compromised by the amount of attorney's fees and costs. *See Bonetti v. Embarq Management Co.*, 715 F.Supp.2d 1222, 1228 (M.D. Fla. Aug. 4, 2009) (holding that the court would approve a reasonable settlement without considering the reasonableness of attorney's fees if the settlement constitutes a compromise of plaintiff's claims, makes full and adequate disclosure of the terms of the settlement, and if the attorney's fee was agreed upon separately and without regard to the amount paid the plaintiff); *see also Rodriguez-Santiago v. A to Z Novelty LLC*, 2022 WL 17316690 (M.D. Fla. Sept. 26, 2022) (adopting and confirming report and recommendation by Magistrate Judge Leslie Hoffman Price where the attorney's fee amount is negotiated separate and apart from amount of fees and costs negotiated and did not compromise the amount allocated to plaintiff).

This case has been pending for approximately nine (9) months. In the early stages of this lawsuit, Counsel for the Plaintiff was required to expend significant time, resources, and expenses. After Plaintiff sent her pre-suit demand letter to

Defendant, and after multiple conferrals between counsel for the Parties, the Parties were unable to resolve the claims in this lawsuit at an early stage and Plaintiff filed her lawsuit on April 17, 2023. *See* D.E. 1. After filing her lawsuit, the Parties had a dispute regarding an alleged failure to waive formal service of process and Plaintiff filed a Motion for Attorney's Fees relating to same. *See* D.E. 17. Plaintiff also file a Motion for Clerk's Default due to Defendant's alleged failure to timely respond to the Complaint. *See* D.E. 18. Thereafter, Plaintiff provided Defendant with her Rule 26(a) Initial Disclosures, served Early Rule 34 Requests for Production of Documents to the Defendant, and served Plaintiff's Notice of Taking Corporate Representative Deposition with Areas of Inquiry on the Defendant. On October 30, 2023, Plaintiff conferred with Defendant regarding Defendant's Affirmative Defenses plead in its Answer to the Complaint and provided Defendant with relevant case law for a total of four (4) Affirmative Defenses. As a result, Defendant agreed to strike a total of three (3) Affirmative Defenses. *See* D.E. 32. Furthermore, the Parties conducted their Case Management Conference on November 8, 2023, and filed their Uniform Case Management Report on November 14, 2023. *See* D.E. 34. Counsel for Plaintiff also analyzed wage and hour records produced by Defendant.

An award of attorney's fees and costs in the amount of $20,000.00 represents attorney's fees and costs based upon hours spent and a reasonable hourly rate. This amount was negotiated by the Parties separate and apart from Plaintiffs'

recoveries, and all amounts allocated to Plaintiffs were not compromised by the amount of attorney's fees and costs.

## IV.   CONCLUSION

WHEREFORE, for the reasons set forth herein, the Parties respectfully submit that the terms set forth within the Settlement Agreement constitute a fair and reasonable resolution of their dispute concerning FLSA and FMWA wages, and request that this Honorable Court approve the Settlement Agreement, enter an order dismissing all claims with prejudice, and retain jurisdiction over enforcement of the Settlement Agreement for sixty (60) days.

**Dated: January 26, 2024**


Respectfully Submitted,

| | |
|---|---|
| **USA EMPLOYMENT LAWYERS** | **LYDECKER, LLP** |
| **JORDAN RICHARDS, PLLC** | *Counsel for Defendant* |
| *Counsel for Plaintiffs* | 1221 Brickell Avenue, 19th Floor |
| 1800 SE 10th Ave, Suite 205 | Miami, Florida 33131 |
| Fort Lauderdale, FL 33316 | Tel: (305) 416-3180 |
| Tel: (954) 871-0050 | Fax: (305) 416-3190 |
| | |
| By: */s/ Michael V. Miller* | By: */s/ Charles Norris* |
| **JORDAN RICHARDS, ESQ.** | **CHARLES NORRIS, ESQ.** |
| Fla. Bar No. 108372 | Fla. Bar No, 76576 |
| jordan@jordanrichardspllc.com | cn@lydecker.com |
| **MICHAEL V. MILLER, ESQ.** | **MARGARET H. MEVERS, ESQ.** |
| Fla. Bar No, 64005 | Fla. Bar. No. 726184 |
| michael@usaemploymentlawyers.com | mhm@lydecker.com |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing was served by means

of the Court's electronic filing system on January 26, 2024.

By: _/s/ Michael V. Miller_____
MICHAEL V. MILLER, ESQUIRE
Fla. Bar No.: 64005